**MORRISON LAW FIRM and Thomas Morrison, Plaintiffs,**

v.

**CLARION CO., LTD., Tokio Itsukaichi and Ichizio Ishitsubo, Defendants.**

**No. 94 Civ 4305 (VLB).**

United States District Court, S.D. New York.

Nov. 4, 1994.

---

Scott D. Watkins, Morrison Law Firm, Mt. Vernon, NY, for plaintiffs.

Philip Furgang, New York City, and Stuart Lubitz, and Richard Codding, Los Angeles, CA, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This diversity suit is brought by a New York law firm and its proprietor against a Japanese company and its Japanese officers seeking relief from alleged defamation, interference with existing and prospective business relations, malicious tort, and violation of civil RICO. The complaint describes the core of the litigation as follows in the first two sentences after the discussion of parties and jurisdiction, at p. 2–3, § 9:

"The instant action relates to false and defamatory statements made by the Defendants to persons and corporations in Japan. These statements have caused at least one Japanese company to sever existing business relations with Plaintiffs, and, upon information and belief, has discouraged other Japanese companies from entering into business relationships with Plaintiffs."

Defendants have moved to dismiss on grounds of lack of personal jurisdiction and on grounds of *forum non conveniens*. Plaintiffs concede that defendants are amenable to suit in the proposed forum (Japan) but claim that public and private interests favor the Southern District of New York, where plaintiff's firm has its primary location, as the proper forum.

Defendants' motion to dismiss on grounds of *forum non conveniens* is granted; the Clerk is directed to close this case.

### II

Dismissal of a case based upon lack of personal jurisdiction is a vital safeguard against lawsuits where neither the events involved nor the parties have significant connections with the forum. See *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiffs have the burden of proof of establishing such jurisdiction. *Mayes v. Leipziger*, 674 F.2d 178 (2d Cir.1982). Such dismissal must, however, be approached with caution where the party to be sued may have substantial connections with the forum. *Beacon Enterprises v. Men-*

*zies,* 715 F.2d 757 (2d Cir.1983); *Laufer v. Ostrow,* 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982); see also Fed.R.Civ.P. 4(k) and Committee Notes (1993 amendments). There is evidence that defendants do substantial business with customers in the United States, justifying a hearing under Fed.R.Civ.P. 12(d) prior to ruling on the motion.

■ Plaintiffs are unable to determine without discovery the true extent of defendants' connection, if any, with this district. Under those circumstances, discovery concerning that question would be necessary before dismissal for lack of personal jurisdiction could be granted. See *Marock International v. Brinkmann,* 1993 WL 349684, 1993 U.S.Dist. LEXIS 12892 (S.D.N.Y.1993). This matter need not be reached, however, because dismissal on grounds of *forum non conveniens* is appropriate based on the undisputed facts.

### III

■ Expansion of permissible venue under 28 USC 1391 and reluctance to dismiss for lack of jurisdiction without further inquiry where necessary to obtain adequate information, place greater emphasis upon motions to transfer under 28 USC 1404 and related motions in international cases to dismiss under the doctrine of forum non-conveniens. See *Big Baby Co. v. Schecter,* 812 F.Supp. 442 (S.D.N.Y.1993).

■ The events allegedly giving rise to this dispute occurred in Japan. These events concerned opportunities for plaintiffs to do business with Japanese businesses. The center of gravity of this case is focused overwhelmingly in Japan, and the case should be litigated there. *Borden, Inc. v. Meiji Milk Products Co.,* 919 F.2d 822, 828 (2d Cir.1990), *cert. denied* 500 U.S. 953, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991); see also *Pedro Pablo Blanco v. Banco Indus. De Venezuela, S.A.,* 997 F.2d 974 (2d Cir.1993) (bankruptcy proceeding concerning defendant in progress abroad).

The "just, speedy and inexpensive" determination of this action which the court is directed to seek under Fed.R.Civ.P. 1 dictates that fact investigation be carried on at the site where the alleged harmful behavior took place. The private interest of plaintiffs in suing in its home location is diluted because it chose to do business with Japanese firms and to seek their custom, making it logical that they be required to litigate there, a result which should not expose plaintiff to surprise. See *Burger King v. Rudziewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (franchisee required to litigate in franchisor's state where documents made this predictable). The private interest of defendants is not so diluted: they took no allegedly tortious action in New York that would make it reasonable to deem them to have anticipated suit on the other side of the Pacific and the American continent as a result of their dealings with plaintiffs.

■ The public interest in having suits such as this adjudicated where the events at issue occurred is particularly great where international trade is concerned. Businesses and other clients in foreign countries might well be reluctant to retain counsel headquartered in the United States if doing so would expose such clients to litigation at the home location of the lawyer should anything negative concerning the attorney be uttered in the foreign country. International comity depends on each country respecting the other's ability to deal with events arising within its territory.

■ Plaintiffs' reliance on their own choice of forum is clearly overborne by these highly significant aspects of this dispute. The importance of a plaintiff's initial choice of venue is diluted to some extent by the expansion of personal jurisdiction which formerly avoided forum abuse to a greater extent than currently. See Fed.R.Civ.P. 4(e), (k) as amended in 1993 and accompanying Committee Notes. Without vigorous use of transfer for convenience under 28 USC 1404 and dismissal because of inconvenience of the forum in international cases where appropriate, the temptation to sue first to be able to choose from an enlarged number of potential forums would invite abuse. See *Noxell Corp v. Firehouse No. 1 Bar–B–Que Restaurant,*

771 F.2d 521 (D.C.Cir.), *earlier decision* 760 F.2d 312 (D.C.Cir.1985) (R. Ginsburg, J.).

SO ORDERED.