MERIDIAN SEAFOOD PRODUCTS, INC, Plaintiff,

v.

FIANZAS MONTERREY, S.A., f.k.a., Fianzas Monterrey Aetna, S.A.; does 2–10, inclusive, Defendants.

No. 00–CV–0466 W(AJB).

United States District Court, S.D. California.

May 8, 2001.

David R. Clark and Mary R. Robberson of Higgs, Fletcher & Mack LLP, San Diego, CA, for Plaintiff.

Fred J. Kumetz, Stephen Glick, Barbara Kumetz and Joseph C. Watson of Law Offices of Kumetz & Glick, Los Angeles, CA, for Defendants.

## ORDER DISMISSING ACTION FOR FORUM NON CONVENIENS

WHELAN, District Judge.

On April 18, 2001 Defendant Fianzas Monterrey, S.A. ("Fianzas") brought this motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and forum non conveniens. Alternatively Fianzas requests a change of venue to the Central District of California pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Plaintiff Meridian Seafood Products, Inc. ("Meridian") timely opposed. All parties are represented by counsel. The Court decides the matter on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d.1).

The parties vigorously dispute the jurisdictional facts. The Court has determined, however, that on the undisputed facts this action should be dismissed on ground of forum non conveniens. Therefore the Court need not reach the jurisdictional issue.

### I. BACKGROUND

The parties dispute much of this litigation's factual background. Unless otherwise noted, the Court relies upon undisputed facts.

Plaintiff Meridian, a California corporation with its principal place of business in Santa Fe Springs, California, purchases seafood from various countries. Meridian regularly purchases shrimp from Mexican fisherman (the "producers"). Meridian typically prepays for shrimp deliveries. Because producers cannot always deliver the shrimp or refund the prepayment, Meridian purchases sureties on the shrimp contracts. Meridian maintains a substantial workforce in Mexico and litigates in Mexican courts.

Under Mexico's *Federal Act of Bond Institutions,* (the "Bond Act") only insurers licensed under the Bond Act may provide sureties for work performed in Mexico. Defendant Fianzas, a Mexican corporation with its principal place of business in Mexico, is licensed under the Bond Act. Fianzas does not conduct business in California and is not a licensed California insurer. Fianzas does not maintain offices in California or have employees in California.

In early 1995 representatives from Meridian and Fianzas met in Mexico to discuss a system whereby Meridian would regularly purchase sureties from Fianzas. From early 1995 to early 1999 Meridian purchased sureties from Fianzas. All the surety bonds contained choice of law and forum selection clauses providing that all disputes be litigated in Mexico under Mexican law. Fianzas sent premium invoices to Meridian in California and sometimes telephoned Meridian in California. Based on the evidence submitted, Fianzas and Meridian conducted all transactions in Spanish. Meridian alleges that Fianzas sent its agent Francisco Quiroz to Meridian's Santa Fe Springs offices on three occasions.[1] Apart from Quiroz's alleged trips and the invoices and telephone calls,

---

1. Fianzas disputes this allegation.

all events relevant to this litigation took place exclusively in Mexico.

Throughout this period Meridian submitted claims to Fianzas. Fianzas paid some but not all of the claims. On December 28, 1999 Meridian filed this action for breach of contract, insurance bad faith and fraud in California Superior Court in San Diego. Fianzas timely removed here to district court.

Aetna, Inc., ("Aetna") owned a minority interest in Fianzas at all relevant times before this litigation commenced. On January 14, 2000, after Meridian initiated this action, New York Life International, Inc. ("New York Life") purchased 100% ownership of Fianzas from Aetna and all other stakeholders. Aetna and New York Life are both incorporated within the United States.

## II. Legal Standard

■ The common law doctrine of forum non conveniens governs jurisdictional choice between the United States and a foreign country. *See Cheng v. Boeing*, 708 F.2d 1406, 1409 (9th Cir.1983) (citing *Paper Operations Consultants Int'l, Ltd. v. SS Hong Kong Amber*, 513 F.2d 667, 670 (9th Cir.1975)). District courts have broad discretion to dismiss an action on forum non conveniens. *See id.*

■ In a motion to dismiss on the ground of forum non conveniens, "the burden of proving an alternative forum is the defendant's and ... the remedy must be clear before the case will be dismissed." *Cheng*, 708 F.2d at 1411. The defendant must prove the existence of an adequate alternative forum and that certain private and public interest factors favor dismissal. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253–54, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511–12, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In the Ninth Circuit, "[a] citizen's forum choice should not be given disposi-

tive weight ... [I]f the balance of convenience suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court [then] dismissal is proper." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir.1990) (quoting *Piper Aircraft*, 454 U.S. at 256 n. 23, 102 S.Ct. 252).

■ Where the district court has reasonably weighed the public and private interest factors, its decision deserves substantial deference and can only be reversed where the abuse of discretion is clear. *See Piper Aircraft*, 454 U.S. at 257, 102 S.Ct. 252; *Cheng*, 708 F.2d at 1409.

## III. Analysis

■ Fianzas argues that this action should be dismissed on ground of common law forum non conveniens. An action should be dismissed for forum non conveniens where the defendant proves the existence of an adequate alternative forum and that certain public and private interest factors favor dismissal. *See Piper Aircraft*, 454 U.S. at 253–54, 102 S.Ct. 252; *Gulf Oil*, 330 U.S. at 511–12, 67 S.Ct. 839. Meridian does not dispute that an adequate alternative forum exists in Mexico. Indeed, Meridian asserts that a Mexican forum exists either before a civil court or a specialized insurance tribunal. (Pl.'s Memo. of P. & A. at 25:28–26:3.) The Court therefore turns to the public and private interest factors.

Regarding the public interest factors, the Court first notes that this litigation likely represents Meridian's attempt to circumvent the choice of law and forum selection clauses contained in the parties' insurance contracts. Meridian candidly admits that it does not wish this action tried under Mexican law. (Pl.'s Memo. of P. & A. at 25:12.) Rather, Meridian hopes to apply California's insurance fraud laws in

spite of its contractual agreements to the contrary.

■ The Court notes that Meridian's fraud claim appears to have little merit. Meridian argues that Fianzas committed fraud in wrongfully denying some claims. Yet under California insurance law, "[t]he insured must show that the insurer did not intend to fulfill its obligations at the time the contract was entered into; mere denial of coverage will not suffice." *Paulson v. State Farm Mut. Automobile Ins. Co.,* 867 F.Supp. 911, 920 (C.D.Cal.1994) (quoting *Miller v. Am. Life Ins. Co.,* 54 Cal.App.3d 331, 338 n. 4, 126 Cal.Rptr. 731, 734 n. 4 (Cal.Ct.App.1976)). The fact that Fianzas paid other claims further refutes fraudulent intent. In many ways, this case involves nothing more than a claim for breach of insurance contract. A Mexican court is the proper forum for breach of an insurance contract governed by Mexican law.

■ Although the court takes no position on the enforceability of the forum selection and choice of law clauses contained in the surety bonds, if deemed valid, the provisions require the application of Mexican law in a Mexican forum. *See e.g. Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (forum selection clauses are prima facie valid and should not be set aside unless the party challenging its enforcement can "clearly show that enforcement would be unreasonable and unjust under the circumstances."). Meridian presents no argument that the choice of law and forum selection clauses at issue here are unreasonable or unjust. Accordingly, the Court treats the choice of law and forum selection clauses as valid for purposes of this motion.

■ Were this case litigated in the Southern District of California, the Court would need to apply Mexican law. The need to apply foreign law favors dismissal on forum non conveniens. *See Piper Aircraft,* 454 U.S. at 260, 102 S.Ct. 252 (citing cases); *Gilbert,* 330 U.S. at 509, 67 S.Ct. 839 ("There is an appropriateness, too, in having the trial ... in a forum that is at home with the ... law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.") Mexico has a strong interest in applying its own insurance laws to Mexican insurers who issue bonds covering activities in Mexico. *See Piper Aircraft,* 454 U.S. at 260, 102 S.Ct. 252 (holding that district court properly considered Scotland's interest resolving localized controversy).

■ The fact that Fianzas is now a wholly owned subsidiary of New York Life does not particularly influence the Court's decision. Were Fianzas the alter ego of New York Life, then New York Life's ownership might be significant. *Cf. Doe v. Unocal Corp.,* 27 F.Supp.2d 1174, 1186 (C.D.Cal.1998) (holding that, absent alter ego showing, parent-subsidiary relationship irrelevant to personal jurisdiction analysis). However, Meridian does not raise any alter ego argument or present any relevant evidence thereto. The Court therefore presumes that Fianzas operates as an independent corporate entity. More significantly, corporate stock ownership of parent and subsidiary corporations has little bearing on the forum non conveniens analysis. *See Creative Technology, Ltd. v. Aztech System Pte, Ltd.,* 61 F.3d 696, 704 (9th Cir.1995) (noting that presence of defendant's wholly owned subsidiary in the United States is almost irrelevant for forum non conveniens purposes). A contrary rule would hamper international investment and cause serious difficulty in securities trading, as foreign corporations allowing investment from the United

States would risk litigation in the United States based on foreign transactions.

Finally the Court notes that the parties validly agreed to litigate all disputes before a Mexican court. Were this litigation to proceed here, the Court would be ignoring the parties bargained-for expectations. Thus, the public factors certainly weigh in favor of dismissal of the case.

■ With respect to the private factors, the Court places particular emphasis on the fact that most if not all of the conduct and transactions in this case occurred in Mexico and not in California. Meridian has extensive dealings in Mexico and regularly conducts business in Spanish. The core of the dispute involves sureties issued by Fianzas in Mexico covering work to be performed in Mexico by Mexican producers. Mexico has an extensive legal and administrative system which precisely regulates these types of sureties.

■ Meridian strenuously argues that its choice of forum (California) must be protected because it is a California corporation. However a plaintiff's U.S. citizenship, standing alone, is not sufficient to overcome a forum non conveniens dismissal. See *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.*, 556 F.2d 975, 977–978 (9th Cir.1977) (where all transactions including claim arose in Mexico, plaintiff's U.S. citizenship alone held insufficient to overcome forum non conveniens dismissal); *see also Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir.1990) (United States citizens do not have an absolute right to sue in their home forum). "Where an American plaintiff chooses to invest in a foreign country and then complains of fraudulent acts occurring primarily in that country, the plaintiff's ability to rely upon [his] citizenship as

a talisman against *forum non conveniens* dismissal is diminished." *In re Donald G. Atteberry, DVM, P.A.*, 159 B.R. 1, 7 (D.Kan.1993) (citation omitted).

Here, Meridian would suffer no unfair surprise by litigating this matter in Mexico, a country where it regularly conducts business. *See Morrison Law Firm v. Clarion Co. Ltd.*, 60 F.3d 811 (2d Cir.1995), affirming 158 F.R.D. 285, 287 (S.D.N.Y. 1994) (dismissing action requiring plaintiff who conducted business with Japanese firms to sue in Japan for alleged RICO violations). Fianzas has presented credible evidence that most of the witnesses, documents and sources of proof underlying the allegations in this case are located in Mexico. To require these numerous witnesses to travel to California would be unduly burdensome and a waste of the parties' limited resources. Similar waste would result from the parties' need to translate virtually every document and much of the testimony involved in this litigation into English.

In sum, the parties can litigate most cost-effectively in Mexico and not in California. The private interest factors thus also favor dismissal. Having collectively weighed the public and private interest factors, the Court concludes that dismissal on forum non conveniens grounds is warranted in this case. *Piper Aircraft*, 454 U.S. at 253–54, 102 S.Ct. 252; *Gulf Oil*, 330 U.S. at 511–12, 67 S.Ct. 839. Mexico is clearly the bargained-for and more appropriate forum for this litigation.[2]

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **DISMISSES** this action on ground of forum non conveniens. (Doc. No. 26–3.) The

**2.** The Court also notes that Meridian concedes that venue is improper in the Southern District of California. (Pl.'s Memo. of P. & A. at 24:23–25:1.) As such, had this Court retained jurisdiction, it would have promptly transferred venue to the Central District of California pursuant to 28 U.S.C. § 1404(a).

parties should pursue this litigation in an appropriate Mexican forum. All other pending motions and/or *ex parte* requests are denied as moot. (Doc. Nos.26–1, 26–2.) The Clerk of the Court shall close the district court case file and terminate the case.

**IT IS SO ORDERED.**