# United States Court of Appeals

## For the First Circuit

No. 08-9010

In re: RICHARD A. REALE, JR.,

Debtor,

LYNNE F. RILEY, Chapter 7, Trustee,

Appellee,

v.

NATIONAL LUMBER COMPANY,

Appellant.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

Before

Boudin, John R. Gibson,[*] and
Howard, <u>Circuit Judges</u>.

<u>Mark E. Barnett</u> for appellant.
<u>Lynne F. Riley</u> for appellee.

October 15, 2009

[*]Of the Eighth Circuit, sitting by designation.

**JOHN R. GIBSON, <u>Circuit Judge</u>.**  This is an action by a bankruptcy trustee to recover money paid to a creditor.  The trustee argues that the payment in question was a preferential transfer and is avoidable under the Bankruptcy Code, 11 U.S.C. § 547(b).  The bankruptcy court entered a $20,000 preference recovery judgment against National Lumber Company ("National Lumber").  The United States Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy court's judgment.  We affirm.

## I.  Background

Richard A. Reale Jr. ("Reale Jr.") was a partial owner of WSI Contracting, Inc. ("WSI"), a company that did business with National Lumber.  In late 2000, WSI purchased materials from National Lumber, and National Lumber extended credit to WSI that was personally guaranteed by Reale Jr. and others.  A dispute concerning the account arose, and National Lumber filed suit to recover the balance that Reale Jr. and others owed to it for materials purchased.  Eventually, National Lumber agreed to settle with Reale Jr. and the other parties.  On September 26, 2005, Reale Jr. tendered a $20,000 treasurer's check to National Lumber in partial satisfaction of his portion of the agreement.  The funds that Reale Jr. paid were drawn from bank accounts titled in the name of Reale Jr.'s mother, Helen Reale.  In addition, the accounts listed the name Richard A. Reale, a name shared by Reale Jr. and

his father, as the beneficiary. The beneficiary's social security number, however, was that of Reale Sr.

Reale Jr.'s mother had previously sought and obtained authority from the Probate and Family Court to make gifts to Reale Jr. from the estate of Reale Jr.'s grandmother as a means of reducing the estate's tax liability. Reale Jr. stated that he knew he had funds on deposit at the Village Bank and that he was aware that the funds had been given to him by his late grandmother. Both Reale Jr.'s mother and Reale Sr. testified[1] that although the accounts were titled in the name of Reale Jr.'s mother and listed Reale Sr.'s social security number as the beneficiary's, the money was actually Reale Jr.'s and could be used for anything he wanted. Although one bank employee testified that the funds were payable on death accounts and that under applicable bank policies Reale Jr. could not access the funds without the signature of Reale Jr.'s mother, a bank manager who knew the family well permitted Reale Jr. to withdraw the funds. Following the $20,000 payment to National Lumber, Reale Jr. transferred the $2,761 that remained in the accounts to his personal checking account and used the money to pay various small bills.

On December 23, 2005, Reale Jr. filed a voluntary chapter 7 petition. The trustee brought an adversary proceeding against

---

[1]Due to illness, Helen Reale was not able to testify at trial, but her deposition testimony was admitted as evidence.

National Lumber to recover Reale Jr.'s $20,000 payment as an avoidable preference under section 547(b) of the Bankruptcy Code. After conducting the trial, but before issuing a decision, the bankruptcy judge who heard the matter resigned from the bench. Judge Rosenthal became the successor and took over the case. Judge Rosenthal issued a certification pursuant to Federal Rule of Bankruptcy Procedure 9028, stating that he had reviewed the docket, pleadings, and trial transcript and had determined the matter could proceed to decision without prejudice to the parties. Twelve days later, Judge Rosenthal entered an order in favor of the trustee and a judgment against National Lumber. The Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy court's judgment.

On appeal, National Lumber argues that the property it received from the chapter 7 debtor was not "an interest of the debtor in property" within the meaning of section 547(b), and, therefore, not a transfer avoidable by the trustee as a preference. In addition, National Lumber asserts that the Bankruptcy Appellate Panel for the First Circuit erred in allowing Judge Rosenthal's decision to stand because he did not preside over the trial, yet issued an opinion that relied on the demeanor and credibility of witnesses. We affirm.


## II. Property of the Debtor

We first address National Lumber's claim that the property it

-4-

received from Reale Jr. was not "an interest of the debtor in property" within the meaning of Bankruptcy Code § 547(b), and, thus, not a transfer avoidable by the trustee as a preference. We review a bankruptcy court's findings of fact for clear error and its legal conclusions de novo. See TI Fed. Credit Union v. Delbonis, 72 F.3d 921, 928 (1st Cir. 1995). A finding is clearly erroneous when, after careful review, the reviewing court is left with the definite impression that a mistake has been made. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).

Reale Jr. filed his chapter 7 petition on December 23, 2005. The bankruptcy court found that Reale Jr. used gift funds to pay National Lumber $20,000 on September 26, 2005, in partial satisfaction of the debt Reale Jr. owed to National Lumber. The court concluded that these gift funds became Reale Jr.'s property through inter vivos transfers and entered judgment on the trustee's claim that the debtor's payment to National Lumber was a preferential transfer. A bankruptcy court may set aside a preferential transfer of property made during a certain period of time before a bankruptcy petition is filed. To avoid a preferential transfer, a trustee must prove that the transfer involved: (1) an interest of the debtor in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt; (4) made while the debtor was insolvent; (5) made on or within ninety days before the date of filing bankruptcy; and (6)

such transfer enables the creditor to receive more than it would have in a chapter 7 liquidation.  See Advanced Testing Techs., Inc. v. Desmond (In re Computer Eng'g Assocs., Inc.), 337 F.3d 38, 45 (1st Cir. 2003).

In this case, National Lumber only challenges the first element, arguing that the $20,000 payment it received was not "an interest of the debtor in property."  11 U.S.C. § 547(b).  In support of the argument that the bank accounts were not Reale Jr.'s, National Lumber points to evidence that the accounts were titled in his mother's name and his father's social security number was listed as the beneficiary's.

When determining whether certain funds are considered "an interest of the debtor in property," the ability of the debtor to exercise control over the property can be determinative.  See Gray v. The Travelers Ins. Co. (In re Neponset River Paper Co.), 231 B.R. 829, 833 (B.A.P. 1st Cir. 1999) (stating that the ability to exercise control over the property is sufficient to establish ownership); see also Sigmon v. Royal Cake Co., Inc. (In re Cybermech, Inc.), 13 F.3d 818, 820-21 (4th Cir. 1994) (showing that dominion and control is sufficient to demonstrate an interest in property); Hansen v. MacDonald Meat Co. (In re Kemp Pac. Fisheries, Inc.), 16 F.3d 313, 316 (9th Cir. 1994)(looking to debtor's control over the transferred property to determine ownership).

Here, the bankruptcy court determined that Reale Jr. exercised

sufficient control over the funds at issue to demonstrate that they were an interest of the debtor in property. This conclusion, and the facts underlying it, are supported by the record, and we are not left with the firm impression that the bankruptcy court erred. Accordingly, the bankruptcy trustee was entitled to the funds.

National Lumber raises an alternative argument based on the so-called "earmarking doctrine," asserting that the $20,000 were "earmarked" for payment to National Lumber and therefore should not be construed as "an interest of the debtor in property." Under the earmarking doctrine, if funds received by the debtor are "earmarked" for another, some courts have held that the funds are not really the debtor's property so that the retransfer to the final recipient is not a preference under section 547(b). See Lazarus, 478 F.3d at 15. The classic case of earmarking occurs where a guarantor advances funds to the debtor to pay off debts to other creditors, substituting itself for the old creditor. See id.; see also Kemp Pac. Fisheries, Inc., 16 F.3d at 316-17; Coral Petroleum, Inc. v. Banque Paribas-London, 797 F.2d 1351, 1356 (5th Cir. 1986). The funds, then, pass through, but not by, the debtor's hand. See Lazarus, 478 F.3d at 15.

Here, because the bankruptcy court was correct in determining that the funds paid by Reale Jr. to National Lumber were his own, the earmarking doctrine does not apply. See Neponset, 231 B.R. at 835 (rejecting application of the earmarking doctrine because the

-7-

debtor had sufficient control over disposition of funds).

## III.  Successor Judge

Next, National Lumber contends that the bankruptcy court abused its discretion by issuing a decision without recalling witnesses who testified at the trial conducted by a predecessor judge.  National Lumber asserts that the credibility of the witnesses was essential to the court's ruling, but the court could not have assessed the credibility without having viewed live testimony.  Specifically, National Lumber asserts that the successor judge should have granted a new trial, sua sponte, or at a minimum should have sought counsels' opinion as to whether the trial transcript and admitted documents would be sufficient.  We review for abuse of discretion a successor judge's decision to complete a case after a trial pursuant to Federal Rule of Bankruptcy Procedure 9028.  See Schubert v. Nissan Motor Corp. in U.S.A., 148 F.3d 25, 30 (1st Cir. 1998) (stating that when judicial action is taken in a discretionary matter, it is reviewed for abuse of discretion).

Federal Rule of Civil Procedure 63, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9028, provides that:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case

-8-

> may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63. Therefore, the successor judge in a nonjury trial may proceed with a matter if he (1) certifies that he is familiar with the case and determines that the case may proceed without prejudice to the parties, and (2) if requested by a party, recalls any witness whose testimony is material and disputed. See Hoult v. Hoult, 57 F.3d 1, 8-9 (1st Cir. 1995).

National Lumber made no objection to Judge Rosenthal's reassignment or certification and did not request that witnesses be recalled. The duly appointed successor judge, Judge Rosenthal, fulfilled Rule 63's requirements. On February 29, 2008, he issued the requisite certification that he had reviewed the docket, the pleadings, and transcripts and determined that the adversary pleadings could be completed without prejudice to the parties. National Lumber does not claim that it received inadequate notice or that it had insufficient time to respond to the certification. Moreover, counsel conceded at oral argument before the Bankruptcy Appellate Panel for the First Circuit that he considered he had a "good case on the documents" and made a "judgment call" to let the

matter proceed without requesting that witnesses be recalled.[2] Consequently, as neither party requested the bankruptcy court to recall witnesses or to order a new trial, the successor judge had no obligation to do so. <u>See</u> <u>Hoult</u>, 57 F.3d at 8-9.

IV.  Conclusion

For the foregoing reasons, we affirm.

---

[2]As the Bankruptcy Appellate Panel for the First Circuit noted, the judge did state that his analysis included consideration of witnesses' demeanor and credibility.  We agree with the Bankruptcy Appellate Panel for the First Circuit that while the use of the term "demeanor" is unfortunate, it did not amount to an abuse of discretion as there is sufficient evidence supporting the judgment.  <u>See</u> <u>Riley</u> v. <u>Nat'l Lumber Co.</u> (<u>In re Reale</u>), 393 B.R. 821, 826 n.5 (B.A.P. 1st Cir. 2008).