**BIG BABY COMPANY and Henry Kelston, Plaintiffs,**

v.

**Mitchell SCHECTER and Up and Adam, Inc., Defendants.**

**No. 92 Civ. 8743 (VLB).**

United States District Court,
S.D. New York.

Feb. 18, 1993.

Philip Furgang, West Nyack, NY, for plaintiffs.

M. Lawrence Oliverio, Wolf, Greenfield & Sacks, P.C., Boston, MA, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This is a suit for infringement of U.S. Patent No. 5,150,811 covering a carton intended to enclose and to protect plastic juice containers. Issues presented include whether or not the invention claimed was sufficiently novel and nonobvious to be patentable under 35 U.S.C. §§ 101–103, and if so, whether the patent was infringed.

Plaintiffs ("patentees") have moved to stay a related action in the District of Massachusetts, *Up & Adam, Inc. v. Henry Kelston et al.*, 92–12738H, which was filed November 16, 1992 by Up and Adam, Inc., the corporate defendant in this action. In the Massachusetts action Up & Adam seeks relief against false representations allegedly made by the patentees to induce juice processors to cease buying a competing product from Up and Adam. It also seeks other relief, including a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 that the patent involved invalid and uninfringed.

In the action before me defendants have moved for an order enjoining prosecution of the action. They also seek dismissal for

lack of personal jurisdiction, and transfer of the action to the District of Massachusetts.

I grant defendants' motion to transfer this case to the District of Massachusetts and deny the other motions of the parties.

## II

The parties agree that the issue of the validity of the patent is central, and that it makes no sense for overlapping lawsuits in two districts to proceed simultaneously. For one federal district court to stay proceedings in another is not, however, the optimal procedure for resolving such traffic control problems, any more than it is where state and federal courts are involved (see 28 U.S.C. § 2283). Comity is a more flexible tool for dealing with matters of this kind, in keeping with the collegiality of sister district courts in the federal system.

U.S. District Judge Edward F. Harrington of the District of Massachusetts on January 29, 1993 denied a motion filed on behalf of the patentees to transfer the Massachusetts action to this district. Judge Harrington's ruling may not technically be binding upon me; it does, however, represent a sound judicial evaluation of the issue of where this dispute should be litigated. I agree with that evaluation, and find that transfer to the District of Massachusetts of the case before me is appropriate under 28 U.S.C. § 1404(a) on grounds of convenience.

## III

Up & Adam has attempted to invoke a first-to-file rule. It has argued that the infringement suit before me should be transferred because the suit in Massachusetts was the first to be filed. The plaintiffs before me point out, however, and Up & Adam does not deny, that while the Massachusetts case was filed first, the complaint was not served until after the patentees had initiated their infringement action. The Massachusetts suit was thus one that could be activated should the patentees sue, but which Up & Adam apparently did not intend otherwise to pursue. In deciding to grant Up & Adam's transfer request, I have given no weight to its priority of filing. I have concluded that the first-to-file rule is negated by Up & Adam's attempted use of it as described above.

Were I retaining this case before me, I might even consider directing Up & Adam to show cause why sanctions under 28 U.S.C. § 1927 should not be assessed because of the additional litigation which may have been occasioned by the presumably deliberate month-long delay in serving notice of the Massachusetts action. Had the complaint in that action been served immediately, the suit in this district might never have been brought. Instead, plaintiffs before me might well have initially moved to transfer the Massachusetts action to New York, and if that motion was denied, elected to file their infringement claim as a counterclaim in the Massachusetts case. This would have saved substantial delay and expense to the patentees as well as expenditure of judicial resources in this district.

The additional expense which may have been caused by the delay in serving the Massachusetts complaint arose in this district. I find it appropriate, therefore, to call it to Judge Harrington's attention by means of this memorandum order, for such consideration in the interest of sound judicial administration as he deems advisable. Judge Harrington will be better situated than I to evaluate this matter in a total context, and to determine whether or not any reprimand or other sanction should be considered, and if so the timing of such consideration.

Up & Adam's counsel's affidavit dated December 23, 1992, Exhibit R to the Memorandum in Support of Defendants' Motion to Transfer, may also warrant analysis under Fed.R.Civ.P. 11 after transfer is effected, either at an early date or at the conclusion of adjudication on the merits. I have disregarded the conclusory and pejorative rhetoric and hostile assumptions about the adversary's motives contained in it—which certainly do not constitute a statement of facts based on personal knowledge of the affiant—in reaching my decision to transfer this case. Procedural hardball as re-

flected in the December 23, 1992 affidavit can reach the level of unacceptability and affect the credibility of counsel's arguments. It should not, however, be permitted to affect the judgments of courts on the merits of disputes or to induce an otherwise incorrect decision as to the proper forum for litigation.

## IV

Up & Adam does not deny that its products are sold in the Southern District of New York and promoted to customers here, thus causing it to be in the position of affirmatively seeking the protection of the laws of New York. Under the circumstances, I find dismissal for lack of personal jurisdiction inappropriate at this stage, although upon a further showing reconsideration might justify a different result or the holding of an evidentiary hearing under Fed.R.Civ.P. 12(d). See generally *Coleman v. American Export Isbrandtsen Lines*, 405 F.2d 250 (2d Cir.1968).

The question of personal jurisdiction need not be determined, however, since I grant transfer to a district where personal jurisdiction concededly exists. See *Goldlawn, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Datasouth Computer v. Three Dimensional Technologies*, 719 F.Supp. 446 (W.D.N.C.1989); 28 U.S.C. § 1361. Up & Adam's submissions give primary stress to the contention that Massachusetts is the proper forum for resolution of the disputes between the parties; I construe its personal jurisdiction point as a backup one which would be waived if Up & Adam's transfer motion is granted.

## V

Massachusetts is a more convenient district for adjudication of this case than is New York. Up & Adam is a small privately held business located on the outskirts of Boston with no place of business or officers located in the Southern District of New York; on the other hand, Up & Adam has produced as Exhibit K to the affidavit of Mitchell Schecter, a business card of Richard J. Drinkwater, purporting to be a Big Baby Director of Sales & Marketing, showing in addition to a printed New York address, a handwritten P.O. Box, telephone number and FAX number in Boston, the genuineness of which the patentees have not disputed.[1]

The patentees took affirmative steps to seek to halt Up & Adam's business activities in Massachusetts, which they regarded as infringing the patent involved here, by writing to customers of Up & Adam threatening dire consequences if they continued to distribute Up & Adam's competing product. This activity affecting Up & Adam in Massachusetts is the counterpart under 15 U.S.C. § 1125(a) of the impact in the Southern District of New York of Up & Adam's sales in this district of the allegedly infringing product.[2]

Were patentees free to conduct nationwide campaigns of notice to customers of rivals seeking to block sales of competing goods, and then successfully to insist that the resulting criss-crossing contentions be litigated in the patentees' home court, such patentees could create an uneven playing field. Up & Adam's Massachusetts action is not merely an anticipatory declaratory judgment suit; it also alleges other conduct by the patentee affecting the District of Massachusetts.

While neither party has invoked venue considerations, I note that while venue in

---

1. Patentees assert that Mr. Drinkwater is an independent contractor, a distinction I find of minimal significance in regard to the convenience or inconvenience of Massachusetts as a forum for this case. Judge Harrington has already held Massachusetts a permissible if not necessarily the only permissible forum for this litigation.

2. Where threats of lawsuits including threats of suits for enforcement of intellectual property rights are made in bad faith with anticompetitive purpose or effect, litigation misuse, intellec-

tual property misuse or antitrust issues in addition to false representation questions under 15 U.S.C. § 1125(a) may be presented. See generally *In re Burlington Northern*, 822 F.2d 518, 527 (5th Cir.1987); *Universal City Studios v. Nintendo Co.*, 797 F.2d 70 (7th Cir.1986); *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842 (1st Cir.1985); *Balfour Co. v. FTC*, 441 F.2d 1, 17 (7th Cir.1971); Restatement (Second) of Torts §§ 676, 682 (1977); Notes, 86 Harv.L.Rev. 715 (1973); 18 U.Balt.L.Rev. 544 (Spring 1989).

this district may be sustainable as to the corporate defendant in the patent infringement suit under 28 U.S.C. § 1391(c),[3] the patentees have failed to establish venue or convenience here as to the individual defendant they have elected to sue.

## VI

The clerk is directed to transfer this case to the District of Massachusetts and to close it in this district.

SO ORDERED.

---

**3.** 28 U.S.C. § 1391(c) virtually eliminates venue privileges for corporate patent defendants where jurisdiction can be found. It prevails over the earlier-enacted more restrictive patent venue provision of 28 U.S.C. § 1400(b). Because the Federal Circuit is the exclusive appellate tribunal as to patent claims, its ruling in *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574 (Fed.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991) deserves particular weight in this regard.

The broader venue permitted by 28 U.S.C. § 1391, including permissibility of multiple venue in larger numbers of districts, see *Braun v. California Business News,* 1992 U.S.Dist. LEXIS 8422, 1992 WL 131052 (S.D.N.Y. 3/25/92), necessarily leads to presentation of what might formerly have been characterized as venue considerations, in the form of applications for transfer for convenience, such as that here, under 28 U.S.C. § 1404(a).