In re NEW YORK TRAP ROCK COR-
PORATION, Lone Star Industries,
Inc., et al., Debtors.

LONE STAR INDUSTRIES,
INC., Plaintiff,

v.

RANKIN COUNTY ECONOMIC
DEVELOPMENT DISTRICT,
Defendant.

Bankruptcy Nos. 90–B–21276 through
90–B–21286, 90–B–21334 and 90–
B–21335(HS).
Adv. No. 93–5056A
No. 93 Civ. 3355 (VLB).

United States District Court,
S.D. New York.

Sept. 13, 1993.

Gregory K. Arenson, Proskauer, Rose, Goetz & Mendelsohn, New York City, for debtor/plaintiff.

Edward M. Flint, Townley & Updike, New York City, for defendant.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This case involves questions of the proper forum for suits to enforce real estate contracts of sale, brought by sellers who have filed petitions under Chapter 11 of the Bankruptcy Code, and of when forum shopping precludes transfer of such cases under 28 U.S.C. § 1404(a).

Debtor-plaintiff Lone Star Industries, Inc. ("Lone Star") has sued the defendant Rankin County Economic Development District (the "District"), seeking monetary relief based upon breach of a contract under which Lone Star would sell, and the District would buy and pay for, real estate in Rankin County, Mississippi. The District has counterclaimed seeking to rescind the transaction, claiming fraudulent withholding of knowledge of environmental problems involving the property.

The District has moved pursuant to 28 U.S.C. § 157 for withdrawal of the reference of this adversary proceeding to the Bankruptcy Court and for transfer of the case to the United States District Court for the District of Mississippi, where the property involved is located. The District's applications are denied.

II

Traditionally, actions involving title to real property or tangible objects were deemed "local" as opposed to "transitory" actions and were required to be tried where the subject matter of the suit was located. See *Ellenwood v. Marietta Chair Co.*, 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895); *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880); *McKenna v. Fisk*, 42 U.S. (1 How.) 241, 11 L.Ed. 117 (1843). Suits for monetary relief growing out of real property transactions have not been so limited. See *Raphael J. Musicus, Inc. v. Safeway Stores*, 743 F.2d 503 (7th Cir.1984).

The Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, substantially revised federal venue provisions in several respects. Venue based on the residence of the plaintiff, formerly available in diversity of citizenship cases under 28 U.S.C. § 1391(a), was abolished where jurisdiction is not based solely on diversity of citizenship under 28 U.S.C. § 1332. The former requirement that a claim must "arise" in a district to support venue in that district was replaced by permissibility of suit under 28 U.S.C. § 1391(b)(2) in

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated ...

While the notion of a local action appears eclipsed by the general language enacted in 1990, and the present suit may not be a local action in the narrow sense of the former cases, the importance of conducting litigation where a substantial part of property that is the subject of the action is located is enhanced by the 1990 amendments. The pertinence of the location of real property is particularly emphasized by being reiterated even though the location of property involved in a case would also normally be one in which a substantial part of events or omissions giving rise to a claim would occur.

Because of the expansion of permissible venue by the 1990 amendments, it is now clear that more than one venue may

be appropriate under Title 28. *Bates v. C & S Adjusters*, 980 F.2d 865 (2d Cir.1992). The expansion of venue options places more importance on discretionary transfer for convenience pursuant to 28 U.S.C. § 1404(a) as a device to select the most appropriate site for litigation and to avoid forum abuse. See *Big Baby Co. v. Schecter*, 812 F.Supp. 442 (S.D.N.Y.1993); *Braun v. California Business News*, 1992 WL 131052, 1002 U.S. Dist. LEXIS 8422 (S.D.N.Y.1992). See, in the bankruptcy context, *In re JCC Capital Corp.*, 147 B.R. 349, 356–57 (Bankr.Ct.S.D.N.Y.1992).

■ The post–1990 venue laws necessarily downgrade the formerly sometimes heavily weighted factor of plaintiff's original choice of venue. A much wider range of selections is open to filers of litigation. This, if it occurred without other counterbalancing developments, could readily lend itself to forum abuse through selection of distant, inconvenient locations for litigation. See *Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant*, 771 F.2d 521 (D.C.Cir.), *subsequent decision* 760 F.2d 312 (D.C.Cir.1985) (R. Ginsburg, J). A counterbalancing measure is readily available in the form of increased willingness to transfer cases regardless of where originally filed, whenever appropriate.

Consequently, absent countervailing factors, it would be appropriate to transfer a case of the current type to the district where the property involved is located.

### III

■ One of the purposes of the Bankruptcy Code is to permit debtors to have claims by and against them adjudicated in a single forum. The increased prevalence of use of non-insolvency Chapter 11 bankruptcies as tools of business strategy calls for careful balancing of the needs of debtors with the rights of other litigants who may at times be placed at a disadvantage. The danger of invocation of the bankruptcy pro-

cedure as a tactical device can be ameliorated by careful balancing on a case-by-case basis of the need to protect debtors and the prejudice to other litigants in each case. See *In re Child World*, 146 B.R. 89, *subsequent decision* 147 B.R. 854 (S.D.N.Y. 1992).

The need to permit the Bankruptcy Court to coordinate litigation against a debtor in one place is recognized by Bankruptcy Rule 7004(d), providing for nationwide service of process.[1]

By contrast, the need to centralize litigation involving a debtor in a single forum is at its minimum where claims by, rather than against, the debtor are involved. Prejudice to the adversary of the bankrupt is most likely when a debtor sues a defendant in the Bankruptcy Court at a location distant from the principal place of business of the defendant and also distant from a place in which most of the events relevant to the dispute took place. There is a danger that Chapter 11 will be used as a tactical device for forum shopping, absent judicial alertness to avoid such an outcome.

Real property is geographically rooted, and disputes about transactions involving it can almost always be heard most conveniently where it is located, under the criteria of convenience established by 28 U.S.C. § 1404(a) as well as those suggested by the venue statute, 28 U.S.C. § 1391(b)(2). In the present instance in that more witnesses with pertinent knowledge are located in Mississippi than in New York or environs.

### IV

The District seeks relief by way of counterclaim. If this were a claim seeking monetary relief it might provide the District with an advantage over other creditors if it were adjudicated in other than the bankruptcy forum; see *United States v. Shaw*, 309 U.S. 495, 501–504, 60 S.Ct. 659, 661–663, 84 L.Ed. 888 (1940); *United States v. Medlin*, 767 F.2d 1104, 1107 (5th Cir.1985).

---

1. In recognition of accelerating transportation and communication, nationwide service was recently authorized in federal debt collection cases by the Federal Debt Collection Procedures Act, title XXXVI of Public Law 101–647, 104 Stat. 4933 (1990), enacting 28 U.S.C. § 3004. The Act provided for automatic transfer to the district of the defendant's residence, but only if such a request is made within 20 days of various relevant events. 28 U.S.C. § 3004(b)(2).

Were transfer to be ordered, it might be conditioned upon retaining in the district of bankruptcy administration any counterclaims which might require monetary payments by the debtor, their treatment as claims in the bankruptcy, or other accommodations best worked out between the parties or initially determined by the bankruptcy judge. For the reasons which follow, however, this issue need not be reached.

## V

■ There is no specific time limit for applications under 28 U.S.C. § 157 to withdraw a reference to the bankruptcy court, or for motions addressed to either the district or Bankruptcy Court to transfer cases for convenience under 28 U.S.C. § 1404(a). Delay for tactical reasons, prejudicial to the adversary or to the administration of justice, can be grounds for denying such an application. See *Kenai Corp. v. National Union Fire Ins. Co.,* 136 B.R. 59, 61 (S.D.N.Y.1992); *In re Stavriotis,* 111 B.R. 154, 157–58 (N.D.Ill.1990); *Davis v. Mahlmann,* 149 B.R. 866, 869 (N.D.Ill.1993); *Boyajian v. DeFusco,* 50 B.R. 327, 328–29 (D.R.I.1985).

■ The current adversary proceeding was commenced by service of the complaint on February 10, 1993. An answer was filed on March 12, 1993. On April 29, 1993 the parties agreed that trial would not occur prior to the scheduled date of June 22, 1993 and that the District would file any motion to transfer by May 15, 1993.

On May 3, 1993 Judge Schwartzberg made findings adverse to the District as to certain points, including that the District was alerted to environmental problems which might exist on the property at the time its contract with Lone Star was entered into in 1989. The District's application to withdraw the reference and to transfer followed on May 14, 1993.

To permit an application to withdraw the reference and to transfer to succeed, when first filed at such a juncture, would reward forum shopping.

■ While the elapsed times between filing, initial partial adjudication, and motion to transfer were short, each time span was rich with events. Forum shopping efforts pursued by awaiting a decision relevant to the merits and then bypassing or filing a motion to transfer should not be rewarded with success. Compare *Big Baby Co. v. Schecter,* 812 F.Supp. 442 (S.D.N.Y.1993). Timeliness when not governed by a specific timetable is dependent on how parties interact; a short delay in some circumstances may be far more prejudicial than a longer one in others. See generally *Bourne Co. v. Tower Records,* 976 F.2d 99 (2d Cir.1992); *Cutting v. Town of Allenstown,* 936 F.2d 18, 22 (1st Cir.1991); *Lake Caryonah Improvement Ass'n v. Pulte Home Corp.,* 903 F.2d 505 (7th Cir.1990).

## VI

■ I have every confidence that Judge Schwartzberg will be able to insure fairness in conducting the trial, notwithstanding that most witnesses reside in Mississippi. Use of deposition testimony on the part of such witnesses should suffice except where credibility is crucial. Were demeanor evidence central, videotaped depositions could have been taken under Fed.R.Civ.P. 30(b)(4); if questions arise during the trial which require further elaboration of testimony, telephonic depositions during trial to deal with those questions could be ordered under Fed.R.Civ.P. 30(b)(7).[2]

SO ORDERED.

---

**2.** No jury trial is requested, which might necessitate trial by the district rather than bankruptcy court.