**In re LARS, INC., Debtor.**

**Lars, Inc., Plaintiff,**

**v.**

**Taber Partners, et al., Defendants.**

**Civil No. 00–2606 (JAG).**

United States District Court,
D. Puerto Rico.

Feb. 25, 2003.

Luisa S. Valle–Castro, San Juan, PR, for plaintiff.

Lee Sepulvado–Ramos, McConnell Valdes, San Juan, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is defendants Taber Partners I, L.L.C., d/b/a Ambassador Plaza Hotel & Casino, Francis E. Romano, and Linda E. Romano's (collectively, defendants) motion requesting withdrawal of the reference to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d). (Docket No. 1.) Debtor Lars, Inc. ("Lars") has filed an opposition. (Docket No. 4.) After consideration of the parties' submissions, the Court grants the motion.[1]

---

1. Also pending before the Court is a motion    requesting a stay of proceedings. (Docket

## FACTUAL BACKGROUND[2]

On August 3, 1999, Lars sued defendants in Bankruptcy Court for breach of contract, interference with contractual relations and negligence, pursuant to Puerto Rico law. On October 1, 1999, defendants filed a motion to dismiss, arguing, *inter alia,* that the state law causes of action constituted a non-core proceeding subject to a jury trial. Accordingly, defendants asked the Bankruptcy Court to abstain from entertaining them. On August 15, 2000, the Bankruptcy Court issued an Opinion and Order partially denying defendants' motion.

On December 22, 2000, defendants filed a motion before this Court, requesting withdrawal of the reference to the Bankruptcy Court. Defendants argued, *inter alia,* that they did not consent to a jury trial before the Bankruptcy Court. On May 15, 2001, debtor filed its opposition, arguing principally that defendants' motion was untimely. The parties exchanged several (tendered) replies and sur-replies over the course of the following month.

On February 5, 2002, the Court stayed all proceedings.

## DISCUSSION

Section 157(d) permits the Court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). There is no statutory definition of what constitutes "cause shown" under 28 U.S.C. § 157(d). Typically, courts will first consider whether the proceeding is core or non-core, and will thereafter evaluate a number of factors, including whether there has been a jury demand and judicial economy considerations.

■ Defendants contend that the Bankruptcy Court may not preside over a jury trial in this matter absent their express consent.[3] They are correct. Section 28 U.S.C. § 157(e), which Congress enacted in 1994 as part of the Bankruptcy Reform Act, provides: "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all parties.*" 28 U.S.C. § 157(e)(emphasis supplied). In other words, bankruptcy courts are entitled to conduct jury trials if certain criteria are met, *but in all cases the parties must expressly consent to a jury trial before the Bankruptcy Court.*[4] That is clearly not the case here.

The parties disagree over the nature of the proceeding, but even if this were a core matter, the Bankruptcy Court could not hold a jury trial absent the parties' express consent. Indeed, section 157(e) does not exempt core proceedings from this requirement. *See, e.g., In re Malden Mills Inds., Inc.,* 277 B.R. 449, 455 n. 4 (Bankr.D.Mass.2002); *In re Spookyworld,*

---

No. 9.) On February 5, 2002, the Court issued a provisional stay of proceedings pending resolution of that motion. Given the Court's ruling on the motion requesting withdrawal of reference, the motion for a stay has become moot.

**2.** The Court includes only those facts that are relevant to the disposition of the motion for withdrawal of reference.

**3.** In its Bankruptcy Court Complaint, Lars specifically demanded a jury trial.

**4.** Prior to 1994, the federal courts had struggled with the issue of whether Bankruptcy Courts could hold jury trials, and if so, whether Congress had actually granted them the power to do so. The enactment of § 157(e) disposed of any lingering doubts on that score.

266 B.R. 1, 6 n. 1 (Bankr.D.Mass. 2001)("[T]he right to have the last word resides with the parties, and the Defendants have not consented to have the jury trial in the bankruptcy court."); *In re Mid–Atlantic Resources Corp.,* 283 B.R. 176, 192 (S.D.W.Va.2002)("If the parties do not consent to the bankruptcy court conducting the trial, the trial will be held before this Court."); *United States ex rel. Rahman v. Oncology Assoc., P.C. (In re EquiMed),* 2000 WL 1074304 (D.Md.2000)(holding that "[a] withdrawal of the reference is therefore required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court").

▮▮▮▮ Lars does not meaningfully attempt to rebut defendants' contention on this particular score.[5] Instead, it argues that defendants waived their right to a jury trial by waiting until December, 2000 to file the request for withdrawal of reference. While it is true that a party seeking withdrawal should file its motion at the first reasonable opportunity, the fact remains that "[t]here is no specific time limit for applications under 28 U.S.C. § 157 to withdraw a reference to the bankruptcy court...." *In re New York Trap Rock Corp.,* 158 B.R. 574, 577 (S.D.N.Y.1993). When not governed by a specific timetable, "timeliness ... is dependent on how parties interact; a short delay in some circumstances may be far more prejudicial than a longer one in others." *Id.*

Here, defendants initially filed a motion to dismiss in Bankruptcy Court, arguing, among other things, that the Bankruptcy Court was an inappropriate forum to re-solve the state law claims. Following the Bankruptcy Court's August 24, 2000 Opinion and Order, its docket shows that the only substantive items filed prior to December 22, 2000 (the date on which defendants moved to withdraw the reference) were a motion requesting an enlargement of time to file an appeal, and the Bankruptcy Court's order denying the request.[6] While it is true that defendants should have acted more diligently, the Court is not inclined to find that they waived their right to a jury trial, particularly given the lack of a specific timetable for filing, the stage of proceedings before the Bankruptcy Court, and the defendants' consistent substantive posture throughout the proceedings. *See In re Sevko, Inc.,* 143 B.R. 114, 116 (N.D.Ill.1992)(noting that it would have been "imprudent" for defendants to file their motion for withdrawal before the Bankruptcy Court denied their motion to dismiss). Since defendants have clearly indicated that they do not consent to a jury trial before the Bankruptcy Court, and since they have not otherwise waived their right to seek withdrawal of the reference to the Bankruptcy Court, the Court grants their motion.

▮▮▮ The Court has the option of withdrawing the entire adversary matter, or withdrawing only the trial portion, leaving the pre-trial and discovery matters to be handled by the bankruptcy judge. 28 U.S.C. § 157(d). The Court orders that all discovery and pre-trial matters shall be handled by the Bankruptcy Court. The Court will recall the case for a jury trial upon completion of all pre-trial proceedings.

5. Indeed, Lars's brief in opposition to defendants' motion for withdrawal acknowledges the existence and application of § 157(e), but fails to explain why the "express consent" requirement does not apply here.

6. Moreover, the motion argued similar grounds as this motion—namely, that the bankruptcy court should not entertain the state law-based causes of action.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion for withdrawal of the reference to the Bankruptcy Court. (Docket No. 1.) The motion requesting a stay (Docket No. 9) is moot.

IT IS SO ORDERED.