# United States Court of Appeals
## For the First Circuit

Nos. 22-1706
     22-1715

EDGAR A. REYES-COLÓN,

Plaintiff, Appellant,

v.

BANCO POPULAR DE PUERTO RICO and POPULAR AUTO, INC.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Barron, Chief Judge,
Kayatta and Montecalvo, Circuit Judges.

W. Barry Blum, with whom Venable LLP, Jose A. Pagan-Nieves, and Pagan Law Offices were on brief, for appellant.
Roberto Abesada-Agüet, with whom Sergio Criado, Correa Acevedo Law Offices, P.S.C., Eldia Díaz-Olmo, and Díaz-Olmo Law Offices were on brief, for appellee Banco Popular de Puerto Rico.

August 1, 2024

**MONTECALVO, <u>Circuit Judge</u>**.  These consolidated appeals stem from a Chapter 11 involuntary bankruptcy petition that appellee Banco Popular de Puerto Rico ("Banco Popular") filed in 2006 seeking to compel appellant Edgar Reyes-Colón into bankruptcy.  The procedural posture of each appeal is slightly different, although both are appeals from district court decisions connected to the underlying bankruptcy case.  First, Reyes-Colón appeals from the district court's decision affirming the bankruptcy court's determination that it did not have subject-matter jurisdiction over Reyes-Colón's post-dismissal motion for fees and costs (Case No. 22-1706).  Second, Reyes-Colón appeals from the district court's decision denying his motion for withdrawal of reference[1] filed in a separate adversary proceeding[2] (Case No. 22-1715).  With respect to the first case, we conclude that the bankruptcy court had jurisdiction over the fee motion but that the fee motion was untimely, and accordingly, we affirm.  As to the second case, we conclude that the district court erred in denying the motion for withdrawal of reference as untimely and therefore vacate and remand to the district court for further consideration of Reyes-Colón's motion for withdrawal of reference.

---

[1] "Withdrawal of reference" is the mechanism by which the district court removes from the bankruptcy court a case or proceeding to be adjudicated by the district court.

[2] "An adversary proceeding is a subsidiary lawsuit within the larger framework of a bankruptcy case." <u>Fin. Oversight & Mgmt. Bd. for P.R.</u> v. <u>Cooperativa de Ahorro y Credito Abraham Rosa</u>, 52

# I.    A Brief Background

Of particular relevance here, 11 U.S.C. § 303 governs involuntary bankruptcy petitions and, among other things, gives involuntary debtors an avenue to seek attorney's fees, costs, and other damages related to dismissed petitions.  Specifically, it provides, in relevant part:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment --
>> (1) against the petitioners and in favor of the debtor for --
>>> (A) costs; or
>>> (B) a reasonable attorney's fee; or
>> (2) against any petitioner that filed the petition in bad faith, for --
>>> (A) any damages proximately caused by such filing; or
>>> (B) punitive damages.

11 U.S.C. § 303(i).[3]  Both Reyes-Colón's motion for fees and costs and his adversary proceeding were brought pursuant to § 303(i). Now, we are called on to determine a bankruptcy court's jurisdiction over post-dismissal § 303(i) motions and the

---

F.4th 465, 475 n.7 (1st Cir. 2022) (cleaned up) (quoting <u>Assured Guar. Corp.</u> v. <u>Fin. Oversight & Mgmt. Bd. for P.R.</u>, 872 F.3d 57, 63 (1st Cir. 2017)).

[3] This provision seeks to protect "the debtor from frivolous or inappropriate involuntary filings."  2 Richard Levin & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 303.33 (16th ed. 2024).

- 3 -

timeliness of motions for withdrawal of reference in adversary proceedings.[4]

The relationship between the parties began when Reyes-Colón obtained a loan from appellee Popular Auto, Inc., ("Popular Auto") and guaranteed an affiliate's loan from Banco Popular.[5] When Reyes-Colón allegedly failed to pay his debts, Banco Popular initiated an involuntary bankruptcy petition, which Popular Auto later joined. Not long after, however, the bankruptcy court dismissed the petition after concluding that Banco Popular had failed to join the requisite number of creditors despite having had a reasonable opportunity to do so. On appeal, the bankruptcy appellate panel determined that all of Reyes-Colón's creditors

_____

[4] We are not tasked with addressing the propriety of this adversary proceeding. However, we do note, without weighing in on the matter, that several courts have held that § 303(i) requests must be made within the involuntary-petition case itself. See Glannon v. Garrett & Assocs., Inc., 261 B.R. 259, 267 (D. Kan. 2001) ("Section 303(i) provides, if the court dismisses a petition under this section the court may grant judgment. The subsection clearly contemplates that the same court that dismisses the petition is the court that can award damages. Subsection (i) was not meant to be utilized by any other judge." (cleaned up)); see also Graver v. Fuqua, 279 S.W.3d 608, 615 (Tex. 2009)("By its own terms, [§] 303(i) applies only to the filing of an involuntary petition -- it cannot apply to the initiation of an adversary proceeding."). In any event, this may not even be at issue in this case given that Reyes-Colón only filed this request as an adversary proceeding at the bankruptcy court clerk's behest. See infra note 6.

[5] Popular Auto has not filed a brief in this case and did not participate in oral argument. It did, however, join Banco Popular's response brief.

- 4 -

needed to be given notice and the opportunity for a hearing before the bankruptcy court could dismiss the petition. After lengthy proceedings, in 2016, the bankruptcy court again dismissed the petition for lacking the requisite number of creditors -- "[§] 303(b) of the Bankruptcy Code requires that an involuntary petition against a debtor have at least three petitioning creditors if, at the time the petition was filed, the debtor had twelve or more eligible creditors." In re Reyes-Colón, 922 F.3d 13, 16 (1st Cir. 2019) (citing 11 U.S.C. § 303(b)(1)-(2)). On appeal, this court affirmed the bankruptcy court's dismissal of the petition given that Reyes-Colón had fifteen eligible creditors and only two had joined the involuntary petition. Id. at 19-23. Judgment entered on April 24, 2019, and mandate issued on June 19, 2019.

Three-hundred sixty-five days later, on June 18, 2020, Reyes-Colón filed a motion for $902,489.85 in attorney's fees and costs pursuant to § 303(i)(1) of the Bankruptcy Code ("attorney's fees motion"). In response, Banco Popular contended that the bankruptcy court lacked subject-matter jurisdiction "to entertain any further proceedings." The bankruptcy court agreed and denied the attorney's fees motion. Reyes-Colón appealed that decision to the District Court for the District of Puerto Rico, which affirmed. Reyes-Colón now appeals to this court.

Shortly after he filed the attorney's fees motion, on June 29, 2020, Reyes-Colón initiated an adversary proceeding in

bankruptcy court; the complaint alleged that Banco Popular filed the involuntary petition in bad faith, demanded a jury trial as to all issues so triable, and sought "compensatory, consequential, special, and punitive damages" (inclusive of the $902,489.85 already requested in the attorney's fees motion) pursuant to both the fees-and-costs and bad-faith provisions of 11 U.S.C. § 303(i) ("bad-faith complaint").[6]  The adversary proceeding was referred to the same bankruptcy judge who presided over the involuntary-petition case.  On June 30, 2020, Reyes-Colón filed a motion for withdrawal of bankruptcy reference ("motion for withdrawal"), seeking to have the district court take over the adversary proceeding and conduct a jury trial.  In the same order denying Reyes-Colón's attorney's fees motion, the bankruptcy court referred the motion for withdrawal to the district court.  The district court, after affirming the denial of the attorney's fees motion, issued an order denying the motion for withdrawal and dismissing the adversary proceeding, finding that the motion for withdrawal was untimely.  Reyes-Colón then appealed.

---

[6] Initially, Reyes-Colón filed his bad-faith complaint in the involuntary-petition case.  However, shortly after he filed the complaint, the bankruptcy court clerk entered the following on the docket: "NOTICE OF CORRECTIVE ENTRY: Incorrect Event was used. Party must re-file correctly under Adversary/Complaint.  (RE: [bad-faith complaint])."  Thereafter, Reyes-Colón refiled the bad-faith complaint as an adversary proceeding.

## II. Section 303(i)(1) Motion for Attorney's Fees
## (Case No. 22-1706)

### A. Detailed Background

As previously noted, the bankruptcy court dismissed the involuntary petition in 2015 for failure to join at least three creditors. On appeal to this court, we affirmed the bankruptcy court's dismissal. Mandate issued on June 19, 2019, and the bankruptcy court closed the case on August 7, 2019. On June 18, 2020, a new attorney for Reyes-Colón filed a pro hac vice motion and the motion for attorney's fees pursuant to § 303(i)(1). Banco Popular opposed the pro hac vice motion, arguing that, because the case was closed, the bankruptcy court was "without jurisdiction to entertain any proceedings." (Quoting In re Advanced Comput. Tech. Act, Inc., No. 12-04454, 2013 WL 5661203, at *1 (Bankr. D.P.R. Oct. 15, 2013)).

The bankruptcy court agreed that it no longer had jurisdiction over the case but noted that it had explicitly retained jurisdiction over the issue of possible sanctions stemming from prior discovery violations. Specifically, it held that because the attorney's fees motion "ha[d] been filed after the order dismissing the involuntary petition became a final order and after the case was closed" the court no longer had subject-matter jurisdiction over any proceedings (save the sanctions issue). Reyes-Colón filed a motion to reconsider, which

the bankruptcy court denied in a short order that adopted Banco Popular's argument opposing Reyes-Colón's motion to reconsider. Reyes-Colón appealed to the district court.

The district court affirmed and concluded that "[a]s the bankruptcy court did not retain jurisdiction to consider a motion for relief under § 303(i)(1) at the time it dismissed the involuntary petition, . . . [Reyes-Colón's] delay in filing the [attorney's f]ee [m]otion resulted in the bankruptcy court being deprived of jurisdiction over the issue."  The court noted that "dismissal of an involuntary petition is a prerequisite for relief under § 303(i)(1)" but went on to explain that "bankruptcy courts lose post-dismissal jurisdiction over issues 'aris[ing] from' the Bankruptcy Code unless they explicitly retain[] jurisdiction [i]n their dismissal order."  The district court also raised, sua sponte, the question of the timeliness of the motion and integrated that into its jurisdiction analysis, concluding that the District of Puerto Rico's local rules applied, such that the request for fees needed to be made within fourteen days after mandate entered. Reyes-Colón timely appealed.

## B. Discussion

Bankruptcy appeals consist of a two-tiered structure. In re Montreal, Me. & Atl. Ry., Ltd., 956 F.3d 1, 5 (1st Cir. 2020).  Specifically, "[t]he losing party in the bankruptcy court may take a first-tier appeal either to the district court or to

- 8 -

the bankruptcy appellate panel. Whichever route is taken, a second tier of appellate review is available in the court of appeals." Id. at 5-6 (internal citations omitted). When, as here, an appeal is taken to the court of appeals, "we accord no particular deference to determinations made by the first-tier appellate tribunal but, rather, focus exclusively on the bankruptcy court's determinations. In the course of that endeavor, we review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo." Id. at 6 (internal citations omitted). A court's determination regarding its jurisdiction is a question of law and therefore is reviewed de novo.[7] Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014).

Although Reyes-Colón agrees with Banco Popular that in some cases a bankruptcy court must specifically state that it will retain jurisdiction over an issue in order to have post-dismissal jurisdiction, he argues that § 303(i) motions are not covered by this rule. We agree. A bankruptcy court necessarily retains jurisdiction over such motions following dismissal. Reyes-Colón also argues that Puerto Rico local rules do not apply to

---

[7] Banco Popular asserts that the applicable standard is "manifest abuse of discretion." However, Banco Popular has failed to support this position, and, in any event, the abuse-of-discretion standard only applies when reviewing a discretionary decision, and the question of subject-matter jurisdiction is not a matter of discretion. See In re San Miguel Sandoval, 327 B.R. 493, 506 (B.A.P. 1st Cir. 2005) (quoting 9E, Am. Jur. 2d Bankruptcy § 3512 (2004)).

§ 303(i)(1) motions and thus do not govern the time limit for such motions. We disagree because § 303(i)(1) is a fee-shifting provision and the local rules specify the time limit for these requests in relation to the deadline for appealing a judgment. Because the timeliness of the attorney's fees motion is separate from the question of jurisdiction over such a motion, these arguments are addressed in turn.

## 1. Subject-Matter Jurisdiction over Post-Dismissal § 303(i) Motions

Reyes-Colón argues that the bankruptcy court had post-dismissal jurisdiction over the § 303(i) motion while Banco Popular argues that the bankruptcy court could only have such jurisdiction if it provided a jurisdiction-retention statement in its dismissal order. Contrary to the parties' assertions, there is no directly on-point case law to guide us in resolving this particular issue.[8] The question of whether a bankruptcy court has jurisdiction over post-dismissal § 303(i) motions without first

_____

[8] For example, Reyes-Colón cites several out-of-circuit cases noting that a bankruptcy court had jurisdiction over § 303(i) motions post-dismissal. But none of those cases required the court to specifically analyze this jurisdictional issue because the bankruptcy court had previously provided that it would retain jurisdiction over such motions or otherwise permitted filing of such motions post-dismissal. See, e.g., In re Cooper Sch. of Art, Inc., 709 F.2d 1104, 1105 (6th Cir. 1983) (per curiam) (explaining that bankruptcy judge "granted leave to the attorneys" to file § 303(i) motion); In re Glannon, 245 B.R. 882, 884 (D. Kan. 2000) (noting that bankruptcy judge retained jurisdiction over § 303(i) motions in dismissal order).

providing a specific statement retaining jurisdiction over such motions is a matter of first impression in this Circuit.  Cf. In re Fox, 171 B.R. 31, 33, 33 n.3 (Bankr. E.D. Va. 1994) (concluding court had jurisdiction over § 303(i) motion for fees though involuntary petition had been dismissed and case closed with no mention of jurisdiction-retention statement).  We hold that a bankruptcy court has post-dismissal jurisdiction over § 303(i) motions in these circumstances.  In other words, although the bankruptcy court in this case did not provide an explicit jurisdiction-retention statement in its order dismissing the involuntary petition, it still had jurisdiction over Reyes-Colón's attorney's fees motion made pursuant to § 303(i)(1).[9]

Banco Popular insists that dismissal or closure of an underlying bankruptcy petition necessarily results in the termination of the bankruptcy court's jurisdiction over all future

---

[9] We pause here to address the possible significance of jurisdiction-retention statements.  In cases unlike this, where a court would have no post-dismissal jurisdiction over a matter, the bankruptcy court may preserve jurisdiction that exists during the pendency of a petition by providing a statement explicitly defining the matters over which it will retain post-dismissal jurisdiction. See Gupta v. Quincy Med. Ctr., 858 F.3d 657, 663 (1st Cir. 2017) (holding that where a matter "fall[s] within § 1334's statutory grant [of jurisdiction]," a bankruptcy court "may retain jurisdiction to interpret and enforce their prior orders" regarding that matter (citing Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009))).  Here, however, a retention statement was not necessary.

- 11 -

matters, including § 303(i) motions.[10]  We adopt no blanket rule providing that all jurisdiction terminates at dismissal of the underlying bankruptcy petition.  Rather, the question of post-dismissal (or post-closure) jurisdiction is a case- and fact-specific inquiry.  Post-dismissal jurisdiction depends on the basis for jurisdiction over the proceeding and the specific circumstances and nature of the proceeding itself.

First, the bankruptcy court has "arising under" jurisdiction over § 303(i) motions.  "[T]he 'jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute.'"  Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661 (1st Cir. 2017) (quoting Celotex Corp. v. Edwards,

---

[10] Banco Popular relies on In re Advanced Computer Technology Act, Inc., for the proposition that bankruptcy courts' jurisdiction generally ends when the bankruptcy case is dismissed or closed unless the court "explicitly retain[s] jurisdiction in its dismissal order."  No. 12-04454, 2013 WL 5661203, at *1 (Bankr. D.P.R. Oct. 15, 2013).  Although that case centered on a post-dismissal motion for attorney's fees, it did not deal with a § 303(i) motion for fees and so does not offer guidance here.  See id.

Banco Popular also cites Pierce v. First Commercial Leasing Corp. to support its argument.  No. 03-A-217-N, 2007 WL 2692179 (Bankr. M.D. Ala. Jan. 29, 2007).  According to Banco Popular, the Pierce court determined that it lacked jurisdiction over a § 303(i) fee request because it was filed five years after entry of dismissal.  However, the bankruptcy court's ruling in that case had nothing to do with jurisdiction; the court simply determined that the fee request was untimely.  See id. at *1.  Thus, Banco Popular's contention that these cases establish that dismissal leaves a bankruptcy court without jurisdiction over § 303(i) fee requests is unavailing.

- 12 -

514 U.S. 300, 307 (1995)); see also Fin. Oversight & Mgmt. Bd. for P.R. v. Hernández-Montañez, 77 F.4th 49, 59-60 (1st Cir. 2023). Title 28, section 1334 of the U.S. Code "establishes two main categories of bankruptcy matters over which the district courts have jurisdiction: 'cases under title 11,' 28 U.S.C. § 1334(a),[11] and 'proceedings arising under title 11, or arising in or related to cases under title 11,' 28 U.S.C. § 1334(b)." Gupta, 858 F.3d at 661 (footnote added). Relevant here is "arising under" jurisdiction.[12]

---

[11] This category of jurisdiction applies "only to the bankruptcy petition itself." Gupta, 858 F.3d at 661.

[12] The Bankruptcy Code also distinguishes between core and non-core proceedings. Proceedings that fall under "arising under" or "arising in" jurisdiction are also called "core proceedings" while related-to proceedings are considered non-core. Gupta, 858 F.3d at 662 n.5. "[B]y definition all core proceedings are within the bankruptcy court's jurisdiction." Id. (citation omitted) (not addressing any impact of petition dismissal on core or non-core proceedings).

Although Reyes-Colón emphasizes the importance of this distinction, Banco Popular argues that a bankruptcy court loses jurisdiction over both core and non-core proceedings after dismissal, citing In re Steed, 614 B.R. 395, 404-05 (Bankr. N.D. Ga. 2020), as holding that core claims do not survive dismissal without a jurisdiction-retention statement. In re Steed, however, is inapplicable here as it dealt with abstention under § 1334(c)(1) and not subject-matter jurisdiction. Id. at 404 (holding that bankruptcy court not required to exercise power over post-dismissal core proceedings). Cf. In re Smith, 866 F.2d 576, 580 (3d Cir. 1989) ("[T]he dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings.").

Proceedings arise under title 11 where the Bankruptcy Code itself creates the cause of action or provides the substantive right invoked. Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006); see also Gupta, 858 F.3d at 662. Section 303(i) specifically supplies the right to various fees and/or damages where an involuntary petition is dismissed, other than on consent of all petitioners and the debtor. Thus, we agree with Reyes-Colón that the bankruptcy court has "arising under" jurisdiction over § 303(i) requests as that section provides the substantive right invoked.[13] See Stoe, 436 F.3d at 217.

Next, we look to the specific confines of § 303(i) to determine whether a bankruptcy court's dismissal of the involuntary petition terminated jurisdiction over post-dismissal § 303(i) motions. The purpose of § 303(i) "is not negated by dismissal of the underlying bankruptcy case," In re Johnson, 575 F.3d 1079, 1083 (10th Cir. 2009); indeed, its purpose does not become ripe unless and until dismissal has occurred. Further, nothing in the Bankruptcy Code mandates dismissal of a § 303(i) motion simply because the bankruptcy petition has been dismissed. Instead, the opposite is true. "No part of § [303(i)] suggests that a claim exists only while the bankruptcy case remains pending.

---

[13] We note here that we do not hold that where a court has "arising under" jurisdiction over a matter it necessarily has post-dismissal jurisdiction over that matter.

- 14 -

And when Congress listed the effects of dismissing a bankruptcy case[, 11 U.S.C. § 349], it included nothing about automatically terminating the court's jurisdiction over" post-dismissal § 303(i) requests. In re Johnson, 575 F.3d at 1084 (applying this reasoning to a different provision of the Bankruptcy Code that allowed for sanctions under certain circumstances). "It makes sense that a bankruptcy court would retain jurisdiction over a § 303(i) claim because that section necessarily requires post-dismissal jurisdiction." In re Steed, 614 B.R. 395, 407 (Bankr. N.D. Ga. 2020); see also In re Fox, 171 B.R. at 33.

For these reasons, a bankruptcy court need not provide a jurisdiction-retention statement referring to § 303(i) claims to later exercise subject-matter jurisdiction over the same post dismissal. Thus, the bankruptcy court erred in concluding that it did not have subject-matter jurisdiction over the post-dismissal § 303(i) attorney's fees motion.

## 2. Timeliness

Although the bankruptcy court did not address timeliness of the fee motion, because the district court included timeliness in its affirmance, we address timeliness to clarify the law and affirm on this basis. See Ward v. Schaefer, 91 F.4th 538, 544 n.3 (1st Cir. 2024) ("[We] may affirm [a] judgment on any independently sufficient ground supported by the record." (second alteration in original) (quoting United States v. Nivica, 887 F.2d 1110, 1127

- 15 -

(1st Cir. 1989))). First, we pause to emphasize that, contrary to the district court's decision, the question of the timeliness of the § 303(i)(1) motion is separate from the question of the bankruptcy court's jurisdiction over the motion, as neither 28 U.S.C. § 1334, which establishes a bankruptcy court's subject-matter jurisdiction, see Gupta, 858 F.3d at 661, nor § 303(i) limits a bankruptcy court's jurisdiction to timely fee requests. Timeliness is, however, relevant to a bankruptcy court's decision whether to grant such a motion. One final note before we dive into discussion: though our discussion of subject-matter jurisdiction addressed the issue with respect to § 303(i) as a whole, our discussion of timeliness focuses solely on the timeliness of § 303(i)(1) requests.

Because the bankruptcy rules did not provide a deadline for this type of motion, the district court, adopting the approach of a Massachusetts district court, applied the District of Puerto Rico's local rules regarding attorney's fees and costs.[14] See

---

[14] Banco Popular contends that Reyes-Colón has waived any objection to the district court's application of the local rules because the "argument was raised for the first time on appeal." Reyes-Colón did not have a previous opportunity to raise the issue at an earlier time as timeliness did not become an issue until the district court issue raised it sua sponte for the first time in its affirmance. We cannot imagine how Reyes-Colón could have divined that the district court would sua sponte address timeliness in this manner and thus cannot see how he could have proactively addressed the issue. See Herbert v. Dickhaut, 695 F.3d 105, 109 (1st Cir. 2012) ("There can be no waiver where a party lacked an

- 16 -

Bankr. D.P.R. R. 1001-1(b) ("The local rules of the United States District Court for the District of Puerto Rico will apply to the extent that a procedural matter is not covered by these [local bankruptcy rules] or the Federal Rules of Bankruptcy Procedure."); see also In re Inbar, No. 91-11212, 1991 WL 97529, at *1 (D. Mass. May 24, 1991). The relevant local rule provides in part that "[a]n application for fees [and costs following appeal] shall be filed within fourteen (14) days after issuance of the mandate."[15] D.P.R. L. Civ. R. 54(a), (b). Thus, the district court reasoned that, given that the relevant motion was filed 365 days after mandate issued, the motion was untimely.

We agree with the district court's reasoning and conclusion and add only the following. Unlike subsection (2), subsection (1) of § 303(i) is no more than a classic fee-shifting provision that allows a debtor to recover attorney's fees and costs when the involuntary petition is dismissed.[16] See In re Rosenberg,

---

opportunity to raise an argument."). Accordingly, Reyes-Colón has not waived this argument.

[15] If no appeal of the dismissal is filed, the date from which to measure timeliness is the day that the time for filing an appeal expires. See D.P.R. L. Civ. R. 54(a), (b).

[16] Other courts, which have held that § 303(i) creates an independent cause of action or is substantive law, have looked at § 303(i) as a whole, focusing on the language of subsection (2), rather than examining the two subsections separately, as we have done. See In re Navient Sols., LLC, 627 B.R. 581, 589 (Bankr. S.D.N.Y. 2021). Looking at § 303(i)(1) alone, it is clear that it is no more than a fee-shifting provision.

- 17 -

779 F.3d 1254, 1266 (11th Cir. 2015) ("[I]t appears that § 303(i)(1) is a fee-shifting statute because any fees are tied to the outcome -- the dismissal -- and shift the costs of the litigation as a whole from the alleged debtor to the creditors that improperly filed the bankruptcy petition."); see also In re S. Cal. Sunbelt Devs., Inc., 608 F.3d 456 (9th Cir. 2010). In bankruptcy, requests for fees are covered by Federal Rule of Civil Procedure 54(d)(2), which provides a fourteen-day limit for these requests. See Fid. Guar. Mortg. Corp. v. Reben, 908 F.2d 931, 937 (1st Cir. 1987) (applying local rules to question of timeliness of claim for attorney's fees pursuant to fee-shifting provision of 42 U.S.C. § 1988); Bankr. R. 7054 (Rule 54(d) applies to adversary proceedings); Bankr. R. 1018 (Rule 7054 applies to involuntary petitions). These rules do not specify how appeals affect this deadline and do not provide a deadline for motions for costs. Similarly, the local bankruptcy rules of Puerto Rico do not address a time for motions for costs or how appeals impact motion deadlines. It is therefore appropriate to apply the District of Puerto Rico's local rules. See Bankr. D.P.R. R. 1001-1(b). Thus, Reyes-Colón had fourteen days from the day mandate issued on June 19, 2019, to file his request. Because his motion was filed 365 days after mandate issued, it was undeniably untimely. Accordingly, we affirm the dismissal of Reyes-Colón's attorney's fees motion.

### III. Motion for Withdrawal of Reference
### (Case No. 22-1715)

#### A. Detailed Background

On June 29, 2020, after first filing his bad-faith complaint in the involuntary-petition case, Reyes-Colón refiled his bad-faith complaint as an adversary proceeding in the bankruptcy court. See supra note 6. One day later, Reyes-Colón filed the motion for withdrawal, which, in the District of Puerto Rico, is the only method by which a case may be transferred from bankruptcy court to district court. See Wiscovitch-Rentas v. Glaxosmithkline P.R., Inc., 539 B.R. 1, 2 (D.P.R. 2015). In that motion, Reyes-Colón explained that his claims were triable by a jury, that he demanded a jury trial but did not consent to a jury trial in the bankruptcy court, and that, given his lack of consent, the case must be referred to the district court. See 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." (emphasis added)).

The bankruptcy court issued a single order addressing both the motion for withdrawal and the § 303(i) attorney's fees motion. Because "[t]he withdrawal of reference must be determined by a district judge," the bankruptcy court referred the motion to

the district court,[17] and the district court subsequently consolidated the motion for withdrawal with the appeal from the bankruptcy court's jurisdiction decision. Banco Popular objected to the motion for withdrawal, arguing that it was untimely.

After "agreeing with the bankruptcy court's conclusion that it did not have jurisdiction to consider Reyes-Colón's fee motion," (cleaned up), the district court entered an order denying Reyes-Colón's motion for withdrawal as untimely. Specifically, the court referenced and incorporated its affirmance of the bankruptcy court's subject-matter jurisdiction determination, thereby conflating timeliness of the motion for withdrawal with timeliness of (and jurisdiction over) a § 303(i) motion and defining timeliness of the motion for withdrawal as measured from the dismissal of the involuntary petition. The district court then dismissed the adversary proceeding with prejudice.

---

[17] The bankruptcy court's decision as to its jurisdiction over the § 303(i) motion, however, can be interpreted as an adjudication of its jurisdiction over both the attorney's fees motion (filed in the dismissed involuntary-petition case) and the adversary proceeding. To the extent the bankruptcy court addressed its jurisdiction over the adversary proceeding, this was improper given the pending referred motion for withdrawal of reference. Because the underlying motion for withdrawal asked the district court to adjudicate the adversary proceeding, it necessarily encompasses a desire to have the district court adjudicate any disputes involving subject-matter jurisdiction.

## B. Discussion

As an initial matter, we have jurisdiction over Reyes-Colón's appeal from the district court's decision to deny the motion for withdrawal. The district court's dismissal with prejudice was a final order ending the litigation on the merits, see Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 47 (1st Cir. 2006), and Reyes-Colón noticed his intent to appeal both the order denying the motion and the order dismissing the proceeding. We thus have jurisdiction under 28 U.S.C. § 1291. See Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997); cf. In re Casal, 998 F.2d 28, 31 (1st Cir. 1993) (stating that we may derive jurisdiction to review district court orders in a bankruptcy case from either the appeals provisions applicable to bankruptcy appeals or those applicable to civil actions generally).

In the context of motions for a withdrawal of reference, the Ninth Circuit has explained that a district court "should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors" when the motion is for cause. Sec. Farms, 124 F.3d at 1008 (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)). So, although we are without our own circuit precedent on this issue, we are persuaded to agree with the Ninth Circuit that our review

- 21 -

of a district court's decision to deny the motion for withdrawal is for an abuse of discretion.[18] See In re Ormsby, 591 F.3d 1199, 1207 n.9 (9th Cir. 2010). However, we review conclusions of law de novo. In re Reale, 584 F.3d 27, 30 (1st Cir. 2009).

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). This is referred to as "permissive withdrawal of reference."[19] Alfonseca-Baez v. Doral Fin. Corp., 376 B.R. 70, 73-74 (D.P.R. 2007). Importantly, "[o]rders denying [withdrawal]

_____

[18] Reyes-Colón argues that, where a motion for withdrawal is based on the Seventh Amendment right to a jury, a district court's discretion is limited. While that may be true where a district court concludes that there is a right to a jury in a particular proceeding, because the district court's decision here was based on timeliness, we need not consider this contention. In any event, we note with chagrin that Puerto Rican residents are not protected by the right to a trial by jury. See United States v. Cotto-Flores, 970 F.3d 17, 51 (1st Cir. 2020) (Torruella, J., concurring) ("The [Supreme] Court has ruled that under Puerto Rico's constitutional status as an unincorporated territory, Puerto Rico belongs to but is not a part of the United States; that it is 'foreign to the United States in a domestic sense'; that it is a jurisdiction over which Congress has plenary powers pursuant to the Territorial Clause; [and] that its residents are only entitled to the constitutional protection of fundamental rights, which does not include the right to trial by jury." (internal footnotes omitted)).

[19] Section 157(d) also provides for "mandatory withdrawal of reference." See Alfonseca-Baez v. Doral Fin. Corp., 376 B.R. 70, 73 (D.P.R. 2007); see also § 157(d) ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."). Mandatory withdrawal is not at issue here.

of a reference to the bankruptcy court do not conclusively determine any substantive issue; they merely address where that issue will initially be decided." In re Chateaugay Corp., 826 F.2d 1177, 1180 (2d Cir. 1987). Further, the timeliness of a motion for withdrawal is a threshold determination that must be made before the merits of the motion -- whether there is cause to withdraw reference -- can be evaluated.

Here, the parties agree that "[a] motion to withdraw is timely 'if it was made as promptly as possible in light of the developments in the bankruptcy proceeding,'" Sec. Farms, 124 F.3d at 1007 n.3 (quoting In re Baldwin-United Corp., 57 B.R. 751, 754 (S.D. Ohio 1985)), or if filed at "the first reasonable opportunity," Palmer v. Brownstein Corp., No. 21-3935, 2021 WL 6883427, at *2 (M.D. Ala. Apr. 12, 2021) (quoting Reding v. Gallagher, 342 B.R. 823, 827-28 (M.D. Ala. 2006)). "[T]imeliness . . . is dependent on how parties interact; a short delay in some circumstances may be far more prejudicial than a longer one in others." In re Lars, Inc., 290 B.R. 467, 470 (D.P.R. 2003) (omission in original) (quoting In re N.Y. Trap Rock Corp., 158 B.R. 574, 577 (S.D.N.Y. 1993)).

But the parties have diverging views of when the timeliness clock began running. Banco Popular argues, and the district court held, that timeliness here is judged from when the bankruptcy court dismissed the involuntary petition in 2016. Banco

Popular maintains that, because dismissal triggers eligibility for relief under § 303(i) and the bankruptcy court did not retain jurisdiction over § 303(i) requests here, the motion to withdraw the reference filed four years after dismissal must be untimely. Reyes-Colón argues that timeliness "refers to the time between filing a motion to withdraw the reference and the event or circumstance on which the [motion for] withdrawal is based -- here, the . . . filing of the [b]ad-[f]aith [c]omplaint."

Both the district court and Banco Popular have overcomplicated the issue. Indeed, in assessing timeliness, the district court improperly addressed the underlying merits of the adversary proceeding. Although the adversary proceeding may have been inappropriately initiated,[20] the propriety of the underlying adversary proceeding goes to the merits of the proceeding itself -- not the timeliness of the motion for withdrawal.

---

[20] We have already rejected Banco Popular's contention that there was no jurisdiction over the post-dismissal § 303(i) motion. See supra Part II.B.1. We have not addressed the timeliness of § 303(i)(2) requests nor how timeliness functions when a § 303(i) request is made pursuant to both subsection (1) and (2). See supra Part II.B.2. Further, we have not considered whether, in this case, initiation of an adversary proceeding was appropriate. See supra note 4. Instead, these are questions that either the district court may address (if it finds cause to withdraw the referral) or the bankruptcy court may address (if the district court determines there is no cause to withdraw the referral). We do note once more, however, that Reyes-Colón filed his bad-faith motion as an adversary proceeding at the bankruptcy court's direction. See supra note 6.

We agree with Reyes-Colón that what matters in addressing the timeliness of the motion for withdrawal is the amount of time between when Reyes-Colón raised his bad-faith claim -- the proceeding Reyes-Colón wishes the district court to adjudicate -- and when he filed the motion for withdrawal.[21]  "[T]he timeliness of a motion to withdraw must be measured by the stage of the proceedings in the bankruptcy court," and "[a]s a bankruptcy proceeding becomes more developed, complicated, and involved, a court is more likely to find a motion untimely."  United States v. Kaplan, 146 B.R. 500, 504 (D. Mass. 1992) (denying motion for withdrawal in adversary proceeding as untimely after moving party engaged in significant litigation in the bankruptcy court over adversary complaint before moving for withdrawal).  The "proceeding" does not necessarily refer to the entirety of the litigation in bankruptcy court but rather refers to the specific

---

[21] Banco Popular refers us to one case in particular that it contends requires us to find this motion untimely.  It points to Palmer v. Brownstein Corp., where an Alabama district court found a motion for withdrawal on a § 303(i) bad-faith claim untimely given that the motion for withdrawal was filed eleven months after "the involuntary petition was voluntarily dismissed and the damages issue first ripe."  No. 21-3935, 2021 WL 6883427, at *2 (M.D. Ala. Apr. 12, 2021).  However, the present case is distinguishable from Palmer, where a key component of the timeliness decision was that the motion for withdrawal was filed nine months after the bankruptcy court had scheduled an evidentiary hearing on the bad-faith claim.  See id.  Here, bad faith was not raised as an issue until shortly before Reyes-Colón filed his motion for withdrawal and litigation over the complaint had yet to begin.

issue that the motioning party seeks to have a district court adjudicate. See id. at 503-04; see also In re Vestavia Hills, Ltd., 630 B.R. 816, 851-52 (S.D. Cal. 2021) (measuring timeliness of motion for withdrawal in adversary proceeding relative to filing of adversary complaint -- the issue movant sought to withdraw -- rather than filing of underlying bankruptcy case).

Here, Reyes-Colón first initiated the claim on June 18, 2020, when he filed the bad-faith complaint in the involuntary-petition case. Eleven days later, he initiated the adversary proceeding, and one day after that he filed the motion for withdrawal. Thus, a mere twelve days after first raising his bad-faith claim, before any litigation over the complaint had begun, Reyes-Colón requested that the case be transferred to district court. On these facts, we are confident that the motion for withdrawal was timely.

Accordingly, the district court's denial of the motion for withdrawal on the basis of timeliness is vacated and the case is remanded for the court to assess whether there is cause to withdraw the reference. See Alfonseca-Baez, 376 B.R. at 74-75 (explaining cause analysis for motions for withdrawal). Finally, we note that the district court also erred in dismissing the adversary proceeding with prejudice after denying the motion for withdrawal. As explained above, the motion for withdrawal of reference relates only to which court will adjudicate an issue,

not the underlying merits of the case. See In re Chateaugay Corp., 826 F.2d at 1180. If a district court denies a motion for withdrawal of reference, the case remains in bankruptcy court. Thus, if, on remand, the district court determines that there is no cause for withdrawal and again denies the motion for withdrawal, the district court's work ends and the adversary proceeding must return to the bankruptcy court.

## IV. Conclusion

For the foregoing reasons, we **affirm** the bankruptcy court's denial of the motion for attorney's fees, **vacate** the district court's denial of the motion for withdrawal of reference, and **remand** to the district court for further consideration of the motion for withdrawal consistent with this opinion. The parties shall bear their own costs on appeal.